UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT C. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV2034 JCH |
| ) | |
| MARTIN & BAYLEY, INC., and ) | |
| JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. No. 5). The matter is fully briefed and ready for disposition.

This case is for damages arising out of Plaintiff's injury from slipping and falling on Defendant's property. Plaintiff filed his original petition in the Circuit Court of the City of St. Louis. (Doc. No. 1). Defendant[1] removed to this Court on November 1, 2005, on the basis of diversity of citizenship. (Id.). On November 23, 2005, Plaintiff filed his Motion to Remand. (Doc. No. 5). For remand, Plaintiff argues that the amount in controversy is less than $75,000. For the reasons stated below, the Court agrees with the Plaintiff and remands the case to the Circuit Court of the City of St. Louis.

Plaintiff asserts that he slipped and fell on ice on Defendant's property, causing injury to his

---

[1] The Court refers only to Martin & Bayley, the named defendant. The John Doe defendant has not yet been served, and his citizenship is disregarded for purposes of removal. 28 U.S.C. § 1441(a).

1

leg. He states that he "fractured his left distal fibula and tibia requiring surgery and four metal screws and a plate put in and the bones, joints, and ligament therein were sprained, strained, and bruised and additional injuries to be specified at trial." (Notice of Removal, Doc. No. 1, attached exh. 1 ¶ 11). He seeks damages for medical bills, pain and suffering, and lost wages.[2] In his Motion to Remand, he states that his medical costs are approximately $8,000, and that he has already made a settlement demand for $49,999. (Doc. No. 5). He attaches an affidavit to his Response, in which he states that he will not seek damages in excess of $75,000. (Doc. No. 7). In reply, Defendant argues that the affidavit does not ensure that the amount in controversy will be less than $75,000, as Plaintiff "has not stated that he will not accept any judgment awarded in excess of $75,000." (Doc. No. 8).

The Eighth Circuit articulated the standard to apply in determining whether a federal court has subject matter jurisdiction in a removed case, as follows: "[T]he party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence. The complaint will be dismissed if it appears to a legal certainty that the value of the claim is actually less than the required amount." Trimble v. Asarco, 232 F.3d 946, 959 (8th Cir. 2000) (internal quotations and citations omitted) rev'd on other grounds by Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611 (2005). The Eighth Circuit has further held that "[t]his amount-in-controversy requirement is satisfied when a fact finder could legally conclude, from the pleadings and the proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." Capitol Indemnity Corp. v. 1405 Assoc., Inc., 340 F.3d 547, 549 (8th Cir. 2003) (internal

---

[2] Plaintiff's request for damages is for "a sum in excess of $25,000, which is fair and reasonable under circumstances." (Notice of Removal, Doc. No. 1, attached exh. 1). The $25,000 request is standard, as Missouri Rule of Civil Procedure 55.05 prevents tort plaintiffs from pleading a dollar amount of damages in the complaint.

2

quotations and citation omitted). See also Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are.").

"To meet its burden of demonstrating that the amount-in-controversy requirement has been satisfied, the removing party must present specific facts or evidence. This evidence may include a plaintiff's conduct and representations, including settlement offers by the plaintiff exceeding the jurisdictional amount, the plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by the plaintiff." Neighbors v. Muha, slip op., 2005 WL 2346968, *2 (W.D. Mo., September 26, 2005).

Here, Defendant has not met its burden. Plaintiff has stipulated that he will not demand more than $75,000, and that his medical costs are approximately $8,000. The only settlement demand by the Plaintiff was for $49,999. Defendant's only argument for not remanding is the possibility that a jury or judge could award a judgment in excess of the amount in controversy. This statement alone is inadequate to meet the burden. See Neighbors, 2005 WL 2346968, at *2 ("Having been provided with no factual evidence with which to determine whether the amount-in-controversy requirement is satisfied, this Court cannot conclude that the Defendants have met their burden of proof.").

Plaintiff requests attorney's fees under 28 U.S.C. § 1447(c), which provides that "an order remanding the case may require payment of just costs and actual expenses, including attorney fees." 28 U.S.C. § 1447(c). The express language of the provision makes clear that the decision regarding whether to grant such costs is left to the discretion of the court. The Supreme Court has recently clarified when attorney's fees should be awarded under § 1447(c): the "standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award

3

attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. ___, 126 S.Ct. 704, 711 (December 7, 2005). Here Defendant had an objectively reasonable basis for seeking removal.

Therefore, Plaintiff's request for attorney fees is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (Doc. No. 5) is **GRANTED** and this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney fees is **DENIED**.

Dated this <u>19th</u> day of January, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE